## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

VOTEONMARRIAGE.ORG, KRISTIAN M.
MINEAU, ROBERTO S. MIRANDA, ROBERT H.
BRADLEY, MARK W. AND SHARI L.
WORTHINGTON, GEORGE A. KOHL, MICHAEL
P. AND JANE M. BURDZEL, JAMES C. AND
DEBRA A. GUILLETTE,

                              Plaintiffs,

-against-

**06-40271 FDS**

Case No. _____

SALVATORE F. DIMASI, CORY ATKINS,
DEMETRIUS J. ATSALIS, RUTH B. BALSER,
DANIEL E. BOSLEY, GARRETT J. BRADLEY,
ARTHUR J. BROADHURST, ANTONIO F. D.
CABRAL, STEPHEN R. CANESSA, CHERYL A.
COAKLEY-RIVERA, MICHAEL A. COSTELLO,
ROBERT K. COUGHLIN, ROBERT A. DELEO,
CHRISTOPHER J. DONELAN, JOSEPH R.
DRISCOLL, JAMES B. ELDRIDGE, MARK V.
FALZONE, ROBERT F. FENNELL, MICHAEL E.
FESTA, BARRY R. FINEGOLD, JENNIFER
FLANAGAN, LINDA DORCENA FORRY,
GLORIA L. FOX, WILLIAM C. GALVIN, MARY
E. GRANT, DENNIS GUYER, PATRICIA A.
HADDAD, LIDA E. HARKINS, KEVIN G.
HONAN, LOUIS L. KAFKA, RACHEL
KAPRIELIAN, JAY R. KAUFMAN, JOHN
KEENAN, THOMAS P. KENNEDY, KAY KHAN,
PETER V. KOCOT, PETER J. KOUTOUJIAN,

**Jury Trial Demanded**

*Defendants continued on next page*

## COMPLAINT FOR DECLARATORY AND INJUNCTION RELIEF
## AND DAMAGES

RECEIPT # ~~40498 1~~
AMOUNT $   350. 00
SUMMONS ISSUED____
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK.____
DATE  12/13/06

STEPHEN KULIK, JAMES LEARY, DAVID P.
LINSKY, BARBARA A. L'ITALIEN, ELIZABETH
A. MALIA, RONALD MARIANO, JAMES J.
MARZILLI JR., MICHAEL J. MORAN,
CHARLES A. MURPHY, PATRICK NATALE,
HAROLD P. NAUGHTON JR., THOMAS J.
O'BRIEN, MATTHEW PATRICK, ANNE M.
PAULSEN, VINCENT A. PEDONE, ALICE H.
PEISCH, DOUGLAS W. PETERSEN, ANTHONY
PETRUCCELLI, WILLIAM "SMITTY"
PIGNATELLI, DENISE PROVOST, KATHI-
ANNE REINSTEIN, ROBERT RICE, JOHN H.
ROGERS, BYRON RUSHING, JEFFREY
SANCHEZ, TOM SANNICANDRO, JOHN W.
SCIBAK, CARL SCIORTINO, FRANK ISRAEL
SMIZIK, THEODORE C. SPELIOTIS, ROBERT P.
SPELLANE, CHRISTOPHER N. SPERANZO,
THOMAS M. STANLEY, MARIE P. ST. FLEUR,
ELLEN STORY, WILLIAM M. STRAUS,
BENJAMIN SWAN, KATHLEEN M. TEAHAN,
TIMOTHY J. TOOMEY JR., DAVID M. TORRISI,
ERIC TURKINGTON, CLEON TURNER,
MARTIN J. WALSH, STEVEN M. WALSH,
MARTY WALZ, JAMES T. WELCH, ALICE K.
WOLF, *sued in their individual capacities and their
official capacities as members of the House of
Representatives of the Commonwealth of
Massachussetts*; ROBERT A. ANTONIONI,
EDWARD M. AUGUSTUS, JARRETT T.
BARRIOS, FREDERICK E. BERRY, HARRIETTE
L. CHANDLER, CYNTHIA STONE CREEM,
JOHN A. HART, ROBERT A. HAVERN,
PATRICIA JEHLEN, BRIAN A. JOYCE,
MICHAEL R. KNAPIK, BRIAN P. LEES,
THOMAS M. MCGEE, JOAN M. MENARD,
MARK C. MONTIGNY, THERESE MURRAY,
ANDREA F. NUCIFORO, PAMELA P. RESOR,
STANLEY C. ROSENBERG, KAREN E. SPILKA,
JAMES E. TIMILTY, RICHARD R. TISEI, STEVE
A. TOLMAN, MARIAN WALSH, DIANNE
WILKERSON, *sued in their individual capacities
and their official capacities as members of the
Senate of the Commonwealth of Massachusetts*.

Defendants.

The Plaintiffs, by counsel, state the following in support of their complaint against the Defendants:

## PRELIMINARY STATEMENT

Defendants have deliberately deprived the Plaintiffs of their constitutional rights by refusing to fulfill their absolute non-discretionary duty to vote on Plaintiffs' initiative petition. This initiative seeks to amend the Massachusetts Constitution so that the definition of marriage in Massachusetts is restored to the union of one man and one women. The Defendants have engaged in willful and contumacious acts of lawlessness which strike at the heart of ordered liberty and constitutional government. Defendants have exchanged the rule of law for political expediency at the expense of the citizens of Massachusetts as well as the federal and state constitutions.

Consequently, Plaintiffs have commenced this civil rights action pursuant 42 U.S.C. § 1983 to redress Defendants' violations of the First and Fourteenth Amendments to the United States Constitution. Specifically, Defendants have interfered with and deprived Plaintiffs of their rights to free speech, to petition the government, to vote, and to due process of law. Plaintiffs seek declaratory, injunctive and compensatory relief for injuries caused by the named Defendants.

## JURISDICTION AND VENUE

1.     This Court maintains jurisdiction over this action pursuant to 28 U.S.C. § 1331, based upon the existence of federal questions and deprivations of federally protected civil rights.

2.     This Court also has jurisdiction pursuant to 42 U.S.C. § 1983; 28 U.S.C. §

-3-

1343(a)(3), in that this action addresses federal questions and/or seeks to redress the deprivation, under color of state law, statute, ordinance, regulation, custom and/or usage rights, privileges and/or immunities secured by the United States Constitution and federal law, which provides for the equal rights of citizens and others, including the Plaintiffs, within the jurisdiction of the United States; 28 U.S.C. §§ 2201(a) and 2202 because Plaintiffs seek declaratory and injunctive relief.

3.     This Court has authority to declare the rights and legal relations of the parties, pursuant to 28 U.S.C. §§ 2201 and 2202, because this is a case of actual controversy within this Court's jurisdiction.

4.     Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) in that all the acts alleged herein were committed by Defendants within the territorial limits of this Court. Venue is proper in the Central Division of this district because the majority of the Plaintiffs reside in Worcester County.

5.     This Court has authority to grant Plaintiffs' prayer for costs and attorneys fees under 42 U.S.C. § 1988.

**PARTIES**

6.     VoteOnMarriage.org is an unincorporated ballot question committee organized pursuant to the laws of the Commonwealth of Massachusetts. VoteOnMarriage.org was established for the express purpose of promoting an initiative amendment to the Massachusetts Constitution in an effort to restore state recognition of marriage in Massachusetts to the union of one man and one woman. At all times relevant to this case, this Plaintiff has maintained and

-4-

continues to maintain its principal place of business in the County of Middlesex, Commonwealth of Massachusetts.

7.    Plaintiff Kristian M. Mineau is a natural person and a signatory to the petition for the proposed marriage amendment at issue in this action. At all times relevant to this case, this Plaintiff has maintained and continues to maintain a residence in the County of Middlesex, Commonwealth of Massachusetts.

8.    Plaintiff Roberto S. Miranda is a natural person, a signatory to the petition for the proposed marriage amendment at issue in this action, and the Chairman of VoteOnMarriage.org. At all times relevant to this case, this Plaintiff has maintained and continues to maintain a residence in the County of Middlesex, Commonwealth of Massachusetts.

9.    Plaintiff Robert H. Bradley is a natural person and a signatory to the petition for the proposed marriage amendment at issue in this action and the Treasurer of VoteOnMarriage.org. At all times relevant to this case, this Plaintiff has maintained and continues to maintain a residence in the County of Norfolk, Commonwealth of Massachusetts.

10.    Plaintiff Mark W. Worthington is a natural person and a signatory to the petition for the proposed marriage amendment at issue in this action. At all times relevant to this case, this Plaintiff has maintained and continues to maintain a residence in the County of Worcester, Commonwealth of Massachusetts.

11.    Plaintiff Shari L. Worthington is a natural person and a signatory to the petition for the proposed marriage amendment at issue in this action. At all times relevant to this case, this Plaintiff has maintained and continues to maintain a residence in the County of Worcester, Commonwealth of Massachusetts.

-5-

12.     Plaintiff George A. Kohl is a natural person and a signatory to the petition for the proposed marriage amendment at issue in this action. At all times relevant to this case, this Plaintiff has maintained and continues to maintain a residence in the County of Worcester, Commonwealth of Massachusetts.

13.     Plaintiff Michael P. Burdzel is a natural person and a signatory to the petition for the proposed marriage amendment at issue in this action. At all times relevant to this case, this Plaintiff has maintained and continues to maintain a residence in the County of Worcester, Commonwealth of Massachusetts.

14.     Plaintiff Jane M. Burdzel is a natural person and a signatory to the petition for the proposed marriage amendment at issue in this action. At all times relevant to this case, this Plaintiff has maintained and continues to maintain a residence in the County of Worcester, Commonwealth of Massachusetts.

15.     Plaintiff James C. Guillette is a natural person and a signatory to the petition for the proposed marriage amendment at issue in this action. At all times relevant to this case, this Plaintiff has maintained and continues to maintain a residence in the County of Worcester, Commonwealth of Massachusetts.

16.     Plaintiff Debra A. Guillette is a natural person and a signatory to the petition for the proposed marriage amendment at issue in this action. At all times relevant to this case, this Plaintiff has maintained and continues to maintain a residence in the County of Worcester, Commonwealth of Massachusetts.

17.     Defendants Salvatore F. Dimasi, Cory Atkins, Demetrius J. Atsalis, Ruth B. Balser, Daniel E. Bosley, Garrett J. Bradley, Arthur J. Broadhurst, Antonio F. D. Cabral, Stephen

R. Canessa, Cheryl A. Coakley-Rivera, Michael A. Costello, Robert K. Coughlin, Robert A.

Deleo, Christopher J. Donelan, Joseph R. Driscoll, James B. Eldridge, Mark V. Falzone, Robert

F. Fennell, Michael E. Festa, Barry R. Finegold, Jennifer Flanagan, Linda Dorcena Forry, Gloria

L. Fox, William C. Galvin, Mary E. Grant, Dennis Guyer, Patricia A. Haddad, Lida E. Harkins,

Kevin G. Honan, Louis L. Kafka, Rachel Kaprielian, Jay R. Kaufman, John Keenan, Thomas P.

Kennedy, Kay Khan, Peter V. Kocot, Peter J. Koutoujian, Stephen Kulik, James Leary, David P.

Linsky, Barbara A. L'italien, Elizabeth A. Malia, Ronald Mariano, James J. Marzilli Jr., Michael

J. Moran, Charles A. Murphy, Patrick Natale, Harold P. Naughton Jr., Thomas J. O'Brien,

Matthew Patrick, Anne M. Paulsen, Vincent A. Pedone, Alice H. Peisch, Douglas W. Petersen,

Anthony Petruccelli, William "Smitty" Pignatelli, Denise Provost, Kathi-Anne Reinstein, Robert

Rice, John H. Rogers, Byron Rushing, Jeffrey Sanchez, Tom Sannicandro, John W. Scibak, Carl

Sciortino, Frank Israel Smizik, Theodore C. Speliotis, Robert P. Spellane, Christopher N.

Speranzo, Thomas M. Stanley, Marie P. St. Fleur, Ellen Story, William M. Straus, Benjamin

Swan, Kathleen M. Teahan, Timothy J. Toomey Jr., David M. Torrisi, Eric Turkington, Cleon

Turner, Martin J. Walsh, Steven M. Walsh, Marty Walz, James T. Welch, and Alice K. Wolf, are

natural persons and are sued in both their individual and official capacities as members of the

House of Representatives of the Commonwealth of Massachusetts. At all times relevant to this

case, these Defendants have maintained and continue to maintain residences and offices in the

Commonwealth of Massachusetts.

18.     Defendants Robert A. Antonioni, Edward M. Augustus, Jarrett T. Barrios,

Frederick E. Berry, Harriette L. Chandler, Cynthia Stone Creem, John A. Hart, Robert A.

Havern, Patricia Jehlen, Brian A. Joyce, Michael R. Knapik, Brian P. Lees, Thomas M. Mcgee,

Joan M. Menard, Mark C. Montigny, Therese Murray, Andrea F. Nuciforo, Pamela P. Resor,

Stanley C. Rosenberg, Karen E. Spilka, James E. Timilty, Richard R. Tisei, Steve A. Tolman,

Marian Walsh, and Dianne Wilkerson, are natural persons and are sued in both their individual

and official capacities as members of the Senate of the Commonwealth of Massachusetts. At all

times relevant to this case, these Defendants have maintained and continue to maintain

residences and offices in the Commonwealth of Massachusetts.

19.     The Massachusetts Constitution establishes the Plaintiffs' right to modify the state

government as follows:

> Government is instituted for the common good; for the protection, safety,
> prosperity and happiness of the people; and not for the profit, honor, or private
> interest of any one man, family, or class of men: Therefore the people alone have
> an incontestable, unalienable, and indefeasible right to institute government; and
> to reform, alter, or totally change the same, when their protection, safety,
> prosperity and happiness require it.

M.G.L.A. Const. Pt. 1, Art. 7.

20.     As a direct means of changing the state government, the Massachusetts

Constitution vests the Plaintiffs with the right to amend the state constitution through the

initiative petition process:

> Legislative power shall continue to be vested in the general court; but the people
> reserve to themselves the popular initiative, which is the power of a specified
> number of voters to submit constitutional amendments and laws to the people for
> approval or rejection . . . .

M.G.L.A. Const. Amend. Art. 48, Pt. 1.

21.     The Massachusetts Constitution, M.G.L.A. Const. Amend. Art. 48, Pt. 4, § 5,

requires the General Court to vote on a proposed citizen initiative to amend the state constitution.

The proposed amendment must be placed on the ballot if one-fourth of all the members elected to

-8-

the General Court, sitting in joint session, vote in favor of placing the initiative on the ballot in two consecutive sessions.

22.     The Massachusetts Supreme Judicial Court has found that Defendants have a state constitutional, non-discretionary duty to vote on a duly certified citizen initiative to amend the state constitution.

23.     On or about December 7, 2005, the Plaintiffs and their supporters presented approximately 170,000 signatures to the Secretary of the Commonwealth pursuant to M.G.L.A. Const. Amend. Art. 48, Pt. 2, § 3. The initiative petition proposed a constitutional amendment to be placed on the 2008 ballot as follows:

> When recognizing marriages entered into after the adoption of this amendment by
> the people, the Commonwealth and its political subdivisions shall define marriage
> only as the union of one man and one woman.

24.     On or about December 20, 2005, the Secretary of the Commonwealth of Massachusetts certified 123,356 signatures on Plaintiffs' initiative petition and transmitted it to the General Court pursuant to M.G.L.A. Const. Amend. Art. 48, Pt. 2, § 4.

25.     On May 10, 2006, the General Court met in joint session for the purpose of conducting a constitutional convention. Plaintiffs' proposed amendment was properly before the joint session along with other proposed initiatives. On May 10, 2006, Plaintiffs' initiative enjoyed the support of more than one-fourth of all the members elected to the General Court.

26.     On May 10, 2006, a majority of state legislators failed to fulfil their constitutional duties to vote on the Plaintiffs' initiative pursuant to M.G.L.A. Const. Amend. Art. 48, Pt. 4, § 4. Specifically, Defendants deliberately failed to vote on Plaintiffs' initiative by recessing the 2006 constitutional convention to July 12, 2006.

27.     On July 12, 2006, the legislature met in joint session and a majority of legislators again failed to fulfil their constitutional duties to vote on the Plaintiffs' initiative by recessing the 2006 constitutional convention to November 9, 2006. On July 12, 2006, Plaintiffs' initiative enjoyed the support of more than one-fourth of all the members elected to the General Court.

28.     On November 9, 2006, the named Defendants met in joint session and again failed to fulfil their constitutional duties to vote on the Plaintiffs' initiative, by recessing the 2006 constitutional convention to January 2, 2007 at 2:00 p.m. (the last day of the 2005/2006 legislative session). On November 9, 2006, Plaintiffs' initiative enjoyed the support of more than one-fourth of all the members elected to the General Court.

29.     The Defendants' repeated acts of intentionally recessing the 2006 constitutional convention without a substantive vote constitutes a constructive adjournment of the same. This constructive adjournment is the equivalent of a failure to take final action on Plaintiffs initiative petition in violation of Article 48 of the Massachusetts Constitution.

30.     The named Defendants' refusal to vote on the initiative violated a constitutionally mandated ministerial duty which did not include any level of legislative discretion.

31.     Defendants do not enjoy legislative immunity from liability for flagrant violations of their constitutional duties to vote on duly submitted citizen initiative petitions.

32.     Defendants intend, by thwarting a vote on this initiative through administrative delay and denial tactics, to prevent the Plaintiffs and the people of Massachusetts from exercising their right to amend the state constitution.

33.     On November 12, 2006, Defendant Linsky admitted that he voted to recess the November 9, 2006, constitutional convention to insure that a substantive vote would never take

-10-

place on the proposed marriage amendment and to "end the divisive debate," thereby effectively killing the initiative

34. On November 22, 2006, Defendant Kaufman admitted that there were "between 55 and 60 votes" in favor of placing the proposed marriage amendment on the ballot and the only way for those legislators who opposed the initiative to prevent it from proceeding to a citizen vote was "to recess to end the debate without acting on the proposed initiative."

35. On November 22, 2006, Defendant Petersen admitted that he had a constitutional duty to vote on the initiative petition but touted the fact that the Massachusetts Supreme Judicial Court has refused in the past to take judicial action to compel legislators to fulfil their constitutional duties Defendant Petersen admitted that he violated the state constitution in favor of protecting same-sex "marriage"

36 Public interest groups, who have funded many of the Defendants' campaigns, have pressured Defendants to act in contravention to the Massachusetts Constitution.

37 Defendant DiMasi has used political and personal pressure to influence other Defendants to violate their constitutional duties to vote on the initiative petition

38. Certain named Defendants have failed in the past to fulfil their constitutional duties to vote on other citizen initiatives to amend the state constitution, causing those proposed amendments to be excluded from ballots.

39. Defendants have demonstrated a pattern and practice of intentionally depriving Massachusetts citizens of their right to amend the state constitution.

40. Defendants' intentional interference with the initiative at issue in this action has caused and will continue to cause the Plaintiffs significant loss of federal and state constitutional

-11-

rights. Moreover, unless remedied, Defendants' illegal acts have effectively nullified Plaintiffs' initiative petition and caused Plaintiffs monetary damage in excess of $500,000.00 (Five Hundred Thousand Dollars).

## FIRST CAUSE OF ACTION

### VIOLATION OF PLAINTIFFS' RIGHTS
### TO FREE SPEECH
### PURSUANT TO THE FIRST AMENDMENT
### TO THE UNITED STATES CONSTITUTION

41.     Plaintiffs incorporate the preceding paragraphs herein the same as though pleaded in full.

42.     The First Amendment to the United States Constitution protects Plaintiffs' rights to free speech through the initiative petition process for purposes of effecting change in state government, government policy and/or state law.

43.     Defendants have deprived and/or substantially burdened Plaintiffs of their rights to free speech and expression in violation of the First Amendment to the United States Constitution by interfering with and/or hindering Plaintiffs' rights to communicate through the Massachusetts initiative petition process.

44.     The initiative petition process set out in the Massachusetts Constitution constitutes a forum for free speech activity.

45.     Defendants have intentionally and repeatedly recessed the 2006 constitutional convention for the express purpose of preventing Plaintiffs from placing their proposed state constitutional amendment on the 2008 ballot, thereby extinguishing their ability to communicate through the initiative petition medium.

-12-

46.     Defendants have engaged in content and/or viewpoint based discrimination by excluding Plaintiffs from the petition process based on the content and/or viewpoint of the Plaintiffs' petition while at the same time choosing to vote on other marriage related legislation.

47.     Defendants have engaged in an unlawful prior-restraint on Plaintiffs' free speech rights.

48.     Defendants have repeatedly recessed or otherwise administratively delayed a vote on Plaintiffs' proposed amendment and plan to continue this course of action for the express purpose of nullifying the petition.

49.     As a direct result of Defendants' illegal acts, Plaintiffs have suffered and will continue to suffer deprivation of their First Amendment rights. Plaintiffs have also been deprived of the value of funds expended in connection with the preparation and promulgation of their initiative petition in excess of $500,000.00 (Five Hundred Thousand Dollars).

## SECOND CAUSE OF ACTION

### VIOLATION OF PLAINTIFFS' RIGHTS
### TO PETITION THE GOVERNMENT
### PURSUANT TO THE FIRST AMENDMENT
### TO THE UNITED STATES CONSTITUTION

50.     Plaintiffs incorporate the preceding paragraphs herein the same as though pleaded in full.

51.     Defendants have violated Plaintiffs' rights to petition the government pursuant to the First Amendment to the United States Constitution by interfering with and/or preventing Plaintiffs from petitioning the General Court as part of their efforts to place the proposed constitutional amendment on the 2008 ballot.

-13-

52.     Defendants have repeatedly recessed or otherwise administratively delayed a vote

on Plaintiffs' proposed amendment and plan to continue this course of action for the express

purpose of nullifying the petition.

53.     As a direct result of Defendants' illegal acts, Plaintiffs have suffered and will

continue to suffer deprivation of their right to petition the government. Plaintiffs have also been

deprived of the value of funds expended in connection with the preparation and promulgation of

their initiative petition in excess of $500,000.00 (Five Hundred Thousand Dollars).

## THIRD CAUSE OF ACTION

### VIOLATION OF PLAINTIFFS' FUNDAMENTAL RIGHTS
### TO VOTE PURSUANT TO
### THE FOURTEENTH AMENDMENT
### TO THE UNITED STATES CONSTITUTION

54.     Plaintiffs incorporate the preceding paragraphs herein the same as though pleaded

in full.

55.     Defendants have violated Plaintiffs' fundamental rights to vote in violation of the

United States Constitution by interfering with and/or preventing them from placing the proposed

constitutional amendment on the 2008 ballot.

56.     Defendants have admitted that more than one-fourth of all the elected members of

the General Court who sat in joint session during the 2006 constitutional convention favored

placing Plaintiffs' marriage initiative on the 2008 ballot.

57.     Defendants' intentional and unconstitutional acts have deprived Plaintiffs of their

rights to vote on the initiative by preventing its placement on the 2008 ballot.

58.     Defendants have repeatedly recessed and/or otherwise administratively delayed a

vote on Plaintiffs' proposed amendment and plan to continue this course of action for the express

purpose of nullifying the petition.

59.     As a direct result of Defendants' illegal acts, Plaintiffs have suffered and will

continue to suffer deprivation of their right to petition the government.  Plaintiffs have also been

deprived of the value of funds expended in connection with the preparation and promulgation of

their initiative petition in excess of $500,000.00 (Five Hundred Thousand Dollars).

## FOURTH CAUSE OF ACTION

### VIOLATION OF PLAINTIFFS' RIGHTS
### TO PROCEDURAL DUE PROCESS
### PURSUANT TO THE FOURTEENTH AMENDMENT
### TO THE UNITED STATES CONSTITUTION

60.     Plaintiffs incorporate the preceding paragraphs herein the same as though pleaded

in full.

61.     The Fourteenth Amendment to the United States Constitution protects Plaintiffs

from government deprivation of life, liberty and/or property without due process of law.  Among

these rights are the rights to free speech, to petition the government, and to vote, and all rights

provided under the Massachusetts Constitution including, but not limited to, Article 48.

62.     Defendants have violated Plaintiffs' due process rights by depriving them of

fundamental and state constitutional rights, by intentionally refusing to vote in the mandated,

nondiscretionary procedures intended to secure Plaintiffs' rights under the Massachusetts

Constitution.  Specifically, Defendants have intentionally failed to execute their constitutional

duties to vote on Plaintiffs' initiative petition.

-15-

63.     Defendants have denied the Plaintiffs due process of law by intentionally and repeatedly failing to perform their constitutional duties to vote on the proposed initiative petition by recessing the 2006 constitutional convention for the express purpose of preventing Plaintiffs from having their proposed state constitutional amendment placed on the 2008 ballot.

64.     Defendants' intentional and unconstitutional acts have deprived Plaintiffs of their rights to free speech, to petition the government, to vote and to otherwise enjoy their collective right to seek a change in Massachusetts government through the initiative petition process, without applying minimum due process as required by the United States Constitution.

65.     Defendants have repeatedly deprived the Plaintiffs of due process of law by refusing to vote on Plaintiffs' proposed amendment, and they plan to continue this course of action for the express purpose of nullifying the petition.

66.     As a direct result of Defendants' illegal acts, Plaintiffs have suffered and will continue to suffer deprivation of their due process rights. Plaintiffs have also been deprived of the value of funds expended in connection with the preparation and promulgation of their initiative petition in excess of $500,000.00 (Five Hundred Thousand Dollars).

WHEREFORE, Plaintiffs pray for the following relief:

- A.     An order declaring that the Defendants have violated the United States Constitution as set out in the First, Second, Third and Fourth causes of actions;

- B.     An order permanently enjoining the Defendants from violating the United States Constitution as set out in the First, Second, Third and Fourth causes of actions;

- C.     An order establishing that Defendants have waived their ability to oppose the initiative in the 2006 constitutional convention and imputing to each Defendant a vote in favor of the initiative;

D.      An order directing that Plaintiffs' initiative proceed to the next legislative session for a substantive vote;

E.      A judgment against the Defendants finding them jointly and severally liable for compensatory damages in an amount to be determined by a jury;

F.      A judgment against the Defendants finding them jointly and severally liable for punitive damages in an amount to be determined by a jury.

G.      An order granting Plaintiffs' reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

H.      Any other and further relief that this Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: 12/12/06

Counsel for Plaintiffs,

ROBERT G. CAPRERA, ESQ. (BAR # 073120)
176 Main Street
Southbridge, Massachusetts 01550
Telephone: (508) 764-3297
Facsimile: (508) 764-7445
Robcaprera@aol.com

ALLIANCE DEFENSE FUND
BENJAMIN W. BULL*
GLEN LAVY*
BRIAN W. RAUM*
15333 North Pima Road, Suite 165
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028
bbull@telladf.org
glavy@telladf.org
braum@telladf.org

* Motions *Pro Hac Vice* pending.

-17-